# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KENNETH ROBERT CRANDALL,<br>Appellant, | DOCKET NUMBER<br>PH-0432-12-0196-C-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: December 2, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kristen Ruell, Philadelphia, Pennsylvania, for the appellant.

Stacey Conroy, Esquire, and Lauren Russo, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown for the delay. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2       The appellant was removed effective February 19, 2012.  *Crandall v. Department of Veterans Affairs*, MSPB Docket No. PH-0432-12-0196-I-2, Initial Decision (I-2 ID) at 1 (Dec. 26, 2012).  The administrative judge reversed the removal on due process grounds and ordered the appellant's reinstatement.  I-2 ID at 2, 13-25, 90-91.  The administrative judge's initial decision became the Board's final decision when neither party filed a petition for review.  *See* I-2 ID at 92.

¶3       The appellant filed a petition for enforcement regarding his reinstatement.  Compliance File (CF), Tab 1.  The administrative judge denied the petition for enforcement, finding that the agency fully complied with the Board's reinstatement order.  CF, Tab 8, Compliance Initial Decision (CID).  The compliance initial decision was issued on June 28, 2013, with a finality date of August 2, 2013.[2]  CID at 1, 6.  The appellant filed this petition for review on July 21, 2015.  Petition for Review (PFR) File, Tab 1 at 13.

## ANALYSIS

¶4       The petition for review was filed more than 2 years after the compliance initial decision was issued.  The Board's regulations require that a petition for review be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after the receipt of the initial decision.  5 C.F.R. § 1201.114(e). The Board will excuse the untimely filing of a petition for review only upon a showing of good cause.  5 C.F.R. § 1201.114(g).  An untimely filed petition for review must be accompanied by a motion that shows good cause for

---

[2] The agency again proposed the appellant's removal on February 11, 2013.  CF, Tab 1 at 1.  The appellant replied and was removed effective June 27, 2013.  *Id.*; CID at 2 n.1.  His appeal of that removal was dismissed as settled.  *Crandall v. Department of Veterans Affairs*, MSPB Docket No. PH-0432-13-0556-I-1, Initial Decision at 1-2 (Jan. 23, 2014).  Neither party filed a petition for review.

the untimely filing and an affidavit or sworn statement that includes a specific and detailed description of the circumstances causing the late filing. *Id.*

¶5    No motion showing good cause accompanied the petition for review. Instead, the appellant explained on review that he was requesting permission to file new and material evidence, namely recently published news articles regarding the investigation of corruption at the agency's Philadelphia area facilities. PFR File, Tab 1 at 2, 4-12. The Clerk of the Board acknowledged receipt of a petition for review, but informed the appellant that: (1) the petition was untimely filed; (2) the Board's regulations require that a petition that appears to be untimely filed be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause; (3) such a motion must be supported by an affidavit or declaration made under penalty of perjury showing either that the petition was timely filed or that there is good cause for the late filing; and (4) the Board may dismiss the petition for review as untimely if the appellant did not provide a motion with an affidavit or declaration. PFR File, Tab 2. The appellant refiled his petition for review with a signed and notarized copy of the Board's motion form. PFR File, Tab 3. Item 4 of the form asks the filing party to state "[t]he reason(s) that [he] did not ask the Board for an extension of time to file the document before the deadline." *Id.* at 5. The appellant responded, "Pl[ea]s[e] see enclosures." *Id.* The remainder of the submission includes copies of newspaper articles regarding alleged protected disclosures and retaliation at the agency's Philadelphia area facilities. *Id.* at 7-15.

¶6    To establish good cause for waiver of the Board's filing deadline, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). In evaluating whether he has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his

control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Although the appellant was represented during the proceedings before the administrative judge, CID at 1, his filings on review appear to have been submitted without the assistance of his representative,[3] PFR File, Tabs 1, 3. Nearly 2 years have elapsed between the finality date for the initial decision and the filing date for the petition for review.

¶7        The appellant avers that the Board should excuse the delay in filing his petition for review because the news articles that he included with his petition would justify reopening the petition for enforcement. PFR File, Tab 1 at 2, Tab 3 at 2; *see* 5 C.F.R. §§ 1201.115(d), .118. Although the appellant filed his petition for review soon after these articles were published, the articles do not pertain to any matter addressed in the compliance initial decision.

¶8        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The compliance initial decision remains the final decision of the Board regarding the petition for enforcement.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5

---

[3] The petition for review indicates that the appellant has earned a law degree. PFR File, Tab 1 at 1.

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.